Orly Taitz, Esq
Attorney & Counselor at Law
26302 La Paz, Suite 211
Mission Viejo Ca 92691
ph. 949-683-5411
fax 949-586-2082
California Bar ID No. 223433
(Application for Admission Pro Hac Vice
U.S.D.C. Middle District of Florida to be
Submitted July 24, 2009)

FILED
2009 JUL 24 PM 3: 37
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
801 North Florida Avenue, #218
Tampa, Florida 33602-3800

| | |
|---|---|
| MAJOR STEFAN FREDERICK COOK, §<br>Plaintiff, §<br>§<br>v. §<br>§<br>§<br>SIMTECH, INC., §<br>LARRY GRICE, CEO OF SIMTECH, §<br>DEFENSE SECURITY SERVICES, §<br>COLONEL LOUIS B. WINGATE, §<br>DR. ROBERT M. GATES, UNITED §<br>STATES SECRETARY OF DEFENSE, §<br>BARACK HUSSEIN OBAMA, *de facto* §<br>PRESIDENT of the UNITED STATES, §<br>Defendants. § | Civil Action Number:<br><br>**8:09-cv-01382-RAL-EAJ**<br><br>Motion to Reinstate Application for TRO/Preliminary Injunction<br><br>TRIAL-BY-JURY DEMANDED<br>Pursuant to 28 USC §1861 and Seventh Amendment for all fact issues in Verified Complaint |

## MOTION TO REINSTATE ORIGINAL VERIFIED APPLICATION FOR TRO and PRELIMINARY INJUNCTION upon filing of Plaintiff's COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT, AND INJUNCTIVE RELIEF

Plaintiff Major Stefan Frederick Cook filed his original Verified Application for TRO and Preliminary Injunction *pro se* on Wednesday July 22, 2009, filing without counsel only due to a delay in receiving scanned or FedExed copies of his attorneys' several signatures necessary for filing, and not wishing to delay the filing of this complaint pending appearance of counsel.

*Motion to Reinstate Original Verified Application for TRO and Preliminary     1
Injunction upon Expeditious Filing of Plaintiff's Original Complaint for
Damages, Declaratory Judgment and Injunctive Relief*

On Thursday, July 23, 2009, to Plaintiff's utter shock and dismay, this Honorable Court dismissed his Application without prejudice after "observ[ing] that Plaintiff's Application is not accompanied by a complaint and, therefore, fails to comply with the requirements of Local Rules 4.05(b)(2) and 4.06(b)(1)."

Plaintiff was filing *in propia persona*, as noted, on his own behalf, without counsel, but has been advised by counsel that these local rules of the Middle District of Florida appear to diverge from the national norm, in that most districts will allow a TRO to be filed prior to a complaint. Indeed, Plaintiff verified that no such requirement is apparent on the face of Rule 65 of the Federal Rules of Civil Procedure, which states in full:

> Rule 65. Injunctions and Restraining Orders
> (a) Preliminary Injunction.
> (1) Notice.
> The court may issue a preliminary injunction only on notice to the adverse party.
> (2) Consolidating the Hearing with the Trial on the Merits.
> Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
> (b) Temporary Restraining Order.
> (1) Issuing Without Notice.
> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified ***complaint*** clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
> (2) Contents; Expiration.
> Every temporary restraining order issued without notice must

state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry — not to exceed 10 days — that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing.

If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) Motion to Dissolve.

On 2 days' notice to the party who obtained the order without notice — or on shorter notice set by the court — the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security.

The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) Contents.

Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;
(B) state its terms specifically; and
(C) describe in reasonable detail — and not by referring to the *complaint* or other document — the act or acts restrained or required.

(2) Persons Bound.

The order binds only the following who receive actual notice of it by personal service or otherwise:

(A) the parties;
(B) the parties' officers, agents, servants, employees, and attorneys; and
(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

    (e) Other Laws Not Modified.
    (1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;
    (2) 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or
    (3) 28 U.S.C. § 2284, which relates to actions that must be heard and decided by a three-judge district court.
    (f) Copyright Impoundment.
This rule applies to copyright-impoundment proceedings.

The word complaint is highlighted the only two times it appears in this rule, and the filing of a complaint simultaneously with the Application is plainly stated in the optional alternative by the use of the conjunction "or."

Wherefore, Plaintiff files his Complaint for Damages, Declaratory Judgment and Injunctive Relief on Friday morning, July 24, 2009, and prays that this Court reinstate his Original and Verified Application for Temporary Restraining order without requiring him to pay filing fees again in this case, especially since the Court dismissed without prejudice and the Plaintiff has acted expeditiously, again to insure that his issues can be heard promptly.

This Court should note that the Complaint states many of the same issues and pleas for Declaratory relief and damages as were contained and outlined in the Original Application for TRO and Preliminary Injunction filed July 22, 2009, and that in no sense can it be said that Plaintiff's Application (or Complaint) violates or deviates from the maxim, premise, or dictum quoted by the court that, "[t]here is no such thing as a suit for a traditional injunction in the abstract." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

Plaintiff has always intended to seek (and stated in his complaint) extensive grounds for relief by declaratory judgment and predicates for damages against

*Motion to Reinstate Original Verified Application for TRO and Preliminary*     4
*Injunction upon Expeditious Filing of Plaintiff's Original Complaint for*
*Damages, Declaratory Judgment and Injunctive Relief*

this litigation is underway.

Plaintiff's proposed (out of state) counsel Dr. Orly Taitz has firm plans to be out of the Country in relation to long-standing commitments between August 1-24, 2009, so it is essential that a hearing on this TRO be set immediately. Plaintiff's proposed local counsel Inger Garcia-Armstrong would not be able effectively to advance Plaintiff's TRO and Preliminary Injunction request alone, as she has no history in this case or broader litigation.

WHEREFORE, having submitted a Complaint which states grounds for relief other than injunctive, Plaintiff respectfully moves and requests that this Court vacate its order of July 23, 2009, dismissing Plaintiff's Application for TRO without prejudice, and asks the Court to accept this Complaint and order a hearing to be set without posting bond or requiring further filing fees be paid, in that Plaintiff has acted expeditiously with maximum possible alacrity.

Respectfully submitted,

FRIDAY, July 24, 2009

By:_____
Orly Taitz, DDS, Esq.
California Bar ID No. 223433
FOR THE PLAINTIFF **Major Stefan Frederick Cook**
**APPLICATION TO APPEAR PRO HAC VICE PENDING IN M.D.FLA.**
26302 La Paz, Suite 211
Mission Viejo Ca 92691
29839 S. Margarita Pkwy
Rancho Santa Margarita Ca 92688
Ph. W.: 949-586-8110 Cell: 949-683-5411
Fax 949-586-2082
E-MAIL: dr_taitz@yahoo.com

*Motion to Reinstate Original Verified Application for TRO and Preliminary*     5
*Injunction upon Expeditious Filing of Plaintiff's Original Complaint for*
*Damages, Declaratory Judgment and Injunctive Relief*

Stefan F. Cook
716 Griffon Hts. Cy.
Ruskin FL. 33570

AND BY LOCAL COUNSEL:
INGER GARCIA-ARMSTRONG

---

2506 NE 30th Street
Fort Lauderdale
Florida 33306
Florida Bar ID 106917
Tel: 954-894-9962
Fax: 954-446-1635
E-MAIL: ATTORNEY@INGERGARCIA.COM