## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MAJOR STEFAN FREDERICK COOK,

    Plaintiffs,

v.                                  CASE NO: 8:09-cv-1382-T-26EAJ

SIMTECH, INC., LARRY GRICE,
CEO OF SIMTECH, DEFENSE
SECURITY SERVICES, COLONEL
LOUIS B. WINGATE, DR. ROBERT
M. GATES, UNITED STATES
SECRETARY OF DEFENSE, BARACK
HUSSEIN OBAMA,

    Defendants.
_____/

## **O R D E R**

Pending before the Court is Plaintiff's motion to reinstate original verified application for temporary restraining order and preliminary injunction. Having reviewed Plaintiff's submissions, including his recently filed complaint, and acting in accord with its obligation to inquire into its subject matter jurisdiction at the earliest possible stage of the proceedings, see University of South Alabama v. The American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999), the Court determines that Plaintiff lacks standing to bring this lawsuit, thus requiring the Court to deny his motion for reconsideration and to dismiss his complaint without prejudice for lack of subject matter jurisdiction. See DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299 (11th Cir. 2008).

On July 22, 2009, Plaintiff, proceeding *pro se*, filed an application for temporary restraining order and preliminary injunction at docket one. The Court denied the application and dismissed the case in an order entered July 23, 2009, at docket three because Plaintiff's application was not accompanied by a separate complaint. On July 24, 2009, Plaintiff, now proceeding with counsel, filed a motion to reinstate his original verified application for temporary restraining order and preliminary injunction at docket four, as well as a complaint for damages, declaratory judgment and injunctive relief at docket five.

Plaintiff's complaint, at its core, is but another attempt to embroil a United States District Court in an ongoing controversy of whether President Barack Obama is a native-born citizen of the United States of America and thus qualified to be President under the United States Constitution. See Hollister v. Soetoro, 601 F.Supp.2d. (D. D.C. 2009); Berg v. Obama, 574 F.Supp.2d 509 (E.D. Pa. 2008); Dawson v. Obama, 2009 WL 532617 (E.D. Calif. 2009); Cook v. Good, 2009 WL 2163535 (M.D. Ga. 2009); Cohen v. Obama, 2008 WL 5191864 (D. D.C. 2008). As in Hollister, "[t]he right thing to do is to bring [this case] to an early end." 601 F.Supp.2d at 180.

Plaintiff's first attempt to involve a federal district court in this ongoing conspiracy theory that President Obama is unqualified to be President of the United States of America because he is not a native-born citizen was rebuffed just eleven days ago by United States District Judge Clay D. Land of the Middle District of Georgia based on lack of standing. As Judge Land observed, because Plaintiff's orders have been revoked, he cannot satisfy

the legal elements of standing to pursue a claim in federal court under Article III of the Constitution. 2009 WL 2163535 *1; see also Cohen, 2008 WL 5191864 *1 (citing Berg, 574 F. Supp2d 509). The same result is appropriate in Plaintiff's second attempt in this case to thrust a federal district court into this controversial maelstrom. Having come to that jurisdictional conclusion, the Court is precluded from reaching the merits of Plaintiff's claims. Dimaio, 520 F.3d at 1303.[1]

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

1) Plaintiff's Motion to Reinstate Original Verified Application for TRO and Preliminary Injunction (Dkt. 4) is denied.

2) This case is dismissed without prejudice for lack of jurisdiction and will remain closed.

**DONE AND ORDERED** at Tampa, Florida, on July 27, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
*Pro se* Plaintiff

---

[1] The Court would observe, however, that Plaintiff's complaint is the quintessential "shotgun" pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals. See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Strategic Income Fund, L.L.C. v. Spear, Leeds & Fillogg Corp, 305 F.3d 1293, 1295 (11th Cir. 2002).