Orly Taitz, Esq
Attorney & Counselor at Law
26302 La Paz, Suite 211
Mission Viejo Ca 92691
ph. 949-683-5411
fax 949-586-2082
California Bar ID No. 223433



## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION
#### 801 North Florida Avenue, #218
#### Tampa, Florida 33602-3800

| | |
|---|---|
| MAJOR STEFAN FREDERICK COOK, §<br>    Plaintiff, §<br> §<br>v. §<br> §<br> §<br>SIMTECH, INC., §<br>LARRY GRICE, Chief Executive Officer §<br>Of SIMTECH, Inc., §<br>DEFENSE SECURITY SERVICES, §<br>COLONEL LOUIS B. WINGATE, §<br>DR. ROBERT M. GATES, UNITED §<br>STATES SECRETARY OF DEFENSE, §<br>BARACK HUSSEIN OBAMA, *de facto* §<br>PRESIDENT of the UNITED STATES, §<br>    Defendants. § | Civil Action Number:<br><br>**8:09-cv-01382-RAL-EAJ**<br><br>Rule 59(a)(1)(b) Motion for<br>Rehearing in Equity, Rule 59(e)<br>Motion to Amend or Alter<br>Judgment, Rule 60(b)(2)-(b)(4)<br>TRIAL-BY-JURY DEMANDED<br>Pursuant to 28 USC §1861 and<br>Seventh Amendment for all fact<br>issues in Original Complaint as<br>Allowed by FRCP Rule 38 |

**Rule 59(a)(1)(B) Motion for Rehearing in Equity (New Evidence, Fair Hearing)**
**Rule 59(e) Motion to Amend or Alter Judgment (Manifest Injustice, Clear Error)**
**Rule 660(b)(4) Motion for Relief from Judgment Void due to Bias and Prejudice &**
**Rule 60(b)(2) New Evidence**

Plaintiff Major Stefan Frederick Cook files this Combined Motion for Rehearing,

to Amend or Alter Judgment, and for Relief from Judgment together with his Motion to

Retroactively Recuse Judge RICHARD A. LAZZARA pursuant to 28 U.S.C. §§144 and

455(a), in support of both theories of recusal, filed as of even date.  The basic reason

underlying all these motions is to correct at least two clear errors of law and to prevent

manifest injustice for the reasons explained in the Motion to Recuse. Judge RICHARD

A. LAZZARA has unconstitutionally denied Plaintiff's access to the courts by and through a coordinated government course of action. Compare *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179; 153 L.Ed.2d 413; 2002 (2002).

Pursuant to Rules 59(a)(1)(B), 59(e), and 60(b)(2), Plaintiff attaches his affidavit (Exhibit A) and Exhibit B (in particular) as new evidence in this case which was not available to the undersigned Plaintiff or his counsel until approximately July 31-August 1, 2009. This document remains subject to expert authentication, regarding which letters rogatory were submitted August 1-2, 2009, in cause number 09-cv-00082-DOC in the Central District of California, Santa Ana Division. Whatever Judge Lazzara's pervasive and extrajudicial bias and prejudice against Plaintiff's constitutional challenge to the U.S. Army chain of command as one of several "ongoing conspiracy" theories to be brought "to an early end" as soon as possible, (see Case 8:09-cv-01382-RAL-EAJ Document 6, Filed 07/27/2009 Page 2 of 3), this is significant new evidence, and should be evaluated both in light of the standards of Rule 59(a)(1)(B) and Rule 60(b)(2).

## DENIAL OF PLAINTIFF'S STANDING WAS BOTH CLEAR ERROR AND MANIFEST INJUSTICE WITHIN THE MEANING OF RULE 59(e)

By unilaterally denying Plaintiff's access to the Courts in violation of the First, Fifth, and Ninth Amendments to the United States Constitution, Judge RICHARD A. LAZZARA rendered his judgment of dismissal VOID within the meaning of Rule 60(b)(4). Furthermore, when Judge LAZZARA ruled that Plaintiff had no standing, thereby barring Plaintiff from filing a meritorious complaint, albeit one of first impression, seeking declaratory judgments concerning the organization and constitutional legitimacy of the military and further seeking construction and interpretation of a U.S. Army commissioned officer's sworn duty to uphold the United States Constitution

against all enemies, foreign and domestic, Judge RICHARD A. LAZZARA committed a manifest injustice coupled with a clear error of law. If Plaintiff Stefan Frederick Cook does not have standing to file suit to obtain a declaratory judgment regarding the U.S. Army chain of command, then there is no such thing as "standing" to bring any suit for declaratory or injunctive relief. In other words, Judge RICHARD A. LAZZARA has rendered all declaratory judgment actions authorized by Federal statute nugatory, and he has done so simultaneously, unreflectively, without justification, and very heavy handedly. Plaintiff would submit that it is also manifest injustice and clear error to dismiss a TRO for failure to file a complaint simultaneously and without hearing, without even affording a Plaintiff a chance of a day or two to file his complaint. The local rules of the Middle District of Florida do not unambiguously require that a complaint and separate application for TRO be filed simultaneously, but that is how Judge LAZZARA first through out Plaintiff's case on July 23, 2009, Document 3. Finally, it was clear error and manifest injustice not to allow a trial-by-jury of all issues so triable in this case.

When a Judge shows such heavy handed bias without even itemizing the ACTUAL issues raised in a pleading, motion, and application for TRO, he is showing pervasive bias which is plainly extrajudicial, because there is no possible "judicial, litigation experience based" source for the bias and prejudice. This is not a case where Judge LAZZARA's knowledge and prejudice results solely from his contact with Plaintiff and his Counsel in a case which has lasted for a year and a quarter of litigation, or more. It is obvious from Documents 3 and 6 submitted in this case that the Honorable RICHARD A. LAZZARA never read the first line of the Complaint or Application for TRO. As the United States Supreme Court has held (per Justice Scalia) that

...favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment. (That explains what some courts have called the "pervasive bias" exception to the "extrajudicial source" doctrine. See, e.g., *Davis v. Board of School Comm'rs of Mobile County*, 517 F.2d 1044, 1051 (CA5 1975), cert. denied, 425 U.S. 944, 48 L. Ed. 2d 188, 96 S. Ct. 1685 (1976).)

*Liteky v. United States*, 510 U.S. at 551, 114 S.Ct.at 1155, 127 L.Ed.2d at 488 (1994)(see further discussion below).

Judge RICHARD A. LAZZARA crossed several impermissible boundaries of judicial conduct, the right to petition for redress of grievances, due process of law, and the rights reserved to the people under the 1st, 5th, and 9th Amendments when he disposed of this Plaintiff's Application for TRO and Complaint within 4 business days, acting *sua sponte,* at least insofar as the court electronic record reveals.   Judge LAZZARA dismissed the Application for TRO the day after it was filed (July 23, 2009) on the sole formalistic rather than substantive basis that:

> The Court observes that Plaintiff's Application is not accompanied by a complaint and, therefore, fails to comply with the requirements of Local Rules 4.05(b)(2) and 4.06(b)(1).    Furthermore, as the Eleventh Circuit Court of Appeals has observed, "[t] ther is no such thing as a suit for a traditional injunction in the abstract." *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004).

8:09-cv-01382-RAL-EAJ, Document 3, Filed 07/23/2009, Page 1 of 2.

Plaintiff then filed his Complaint on Friday afternoon, July 24, 2009, together with a Motion to Reinstate his Application for TRO and by Monday afternoon, July 27, 2009, within less than 8 Court business hours, Judge RICHARD A. LAZZARA dismissed this Complaint and refused to reinstate the Application for TRO (again *sua sponte,* no Defendant yet having been served, much less responded).

Judge Lazzara then and there ruled as follows in a single (if grammatically unwieldy) sentence:

> Having reviewed Plaintiff's submissions, including his recently filed complaint, and acting in accordance with its obligations to inquire into its subject matter jurisdiction at the earliest possible stage of the proceedings, *see University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999), the Court determines that Plaintiff lacks standing to bring this lawsuit, thus requiring the Court to deny his motion for reconsideration and to dismiss his complaint without prejudice for lack of subject matter jurisdiction. *See DiMaio v. Democratic National Committee*, 520 F.3d 1299 (11th Cir. 2008).

8:09-cv-01382-RAL-EAJ, Document 6, Filed 07/27/2009, Page 1 of 3.

This is the sum total of the jurisprudence in Judge LAZZARA's order of July 27, 2009, but all the rest is NOT silence.  The *obiter dicta* of the order are, to Plaintiff's mind, much more telling than the ruling itself:

> Plaintiffs complaint, at its core, is but another attempt to embroil a United States District Court in an ongoing controversy of whether President Barack Obama is a native-born citizen of the United States of America and thus qualified to be President under the United States Constitution. .....[citations omitted]...... "[t] right thing to do is to bring [this case] to an early end." . . . .
>
> Plaintiff's first attempt to involve a federal district court in this ongoing conspiracy theory that President Obama is unqualified to be President of the United States of America because he was not a native-born citizen was rebuffed just eleven days ago by the United States District Judge Clay D. Land of the Middle District of Georgia based on a lack of standing.  As Judge Land observed, because Plaintiff's orders have been revoked, he cannot satisfy the legal elements of standing to pursue a claim in federal court under Article III of the Constitution. ...[citations omitted]....The same result is appropriate in Plaintiff's second attempt in this case to thrust a federal district court into this controversial maelstrom. Having come to that jurisdictional conclusion, the Court is precluded from reaching the merits of Plaintiff's claims. *Dimaio*, 520 F.3d at 1303.
>
> . . . . . This case is dismissed without prejudice for lack of jurisdiction and will remain closed. . . . . [/s *Richard A. Lazzara*]. . . . . .
>
> Footnote 1: The Court would observe, however, that Plaintiff's complaint is the quintessential "shotgun" pleading that has been condemned on numerous occasions in the Eleventh Circuit Court of Appeals.....[citations omitted]......

8:09-cv-01382-RAL-EAJ, Document 6, Filed 07/27/2009, Pages 2-3 of 3.

Plaintiff submits first that a reasonable person reading and reviewing the above orders, and knowing that they were entered within a period of four business days from (and including) the Plaintiff's first filing on Wednesday, July 22, 2009, could only conclude and believe that the Honorable RICHARD A. LAZZARA is pervasively biased against the Plaintiff due to extra-and-in fact literally pre-judicial (i.e. ante-judicial) bias.

## THE ACTUAL SUBSTANCE OF THE COMPLAINT

Judge LAZZARA is prejudiced against Major Cook as an individual challenging the constitutional legitimacy of the chain of command based on a constitutional challenge to the eligibility of the President, even though Plaintiff's complaint is simultaneously much broader in its significance than that one single issue, in that it seeks to reform U.S. Army custom, practice, and policies regarding blind obedience to orders. That Judge LAZZARA's bias stems from an extra-judicial source is apparent from (and in fact, is the ONLY reasonable or possible interpretation of) the substantive text of his orders.

It is clear and obvious from Judge Lazzara's determination of Plaintiff Stefan Frederick Cook's lack of standing from the fact that he clearly and plainly did not read the Plaintiff's Complaint or Application for TRO, and from the rapidity of his decision to deny Plaintiff his Seventh Amendment right to a trial-by-jury without first evaluating the sufficiency of his complaint. Plaintiff suspects and submits upon the substantial if circumstantial evidence of the rapidity of the entry of these orders that an invisible external and extra-judicial but governmental hand may have guided and informed Judge LAZZARA's judicial actions.   Whether Judge LAZZARA acted prejudicially upon orders or coercion from other branches of government or if Judge LAZZARA is acting

solely and exclusively out of blind personal and political prejudice (Document 6, *passim*) against the questions presented by Plaintiff's Application and Complaint, Judge LAZZARA is disqualified to serve as judge and must either recuse himself or be recused.

The challenges which Plaintiff seeks to have lodged concern (1) the right and power of an unconstitutional commander-in-chief to render lawful orders, and (2) the right and power of a commissioned officer of the United States Army to follow and protect his oath to uphold the constitution, AND (3) the procedures by which an officer must be allowed and empowered to question the lawful nature and status of orders received and to then and there demand an authoritative and independent determination of the constitutional validity of the Army Chain-of-Command and its actions under U.S. and International law if led by an ineligible President.

Plaintiff Stefan Frederick Cook reserves the right to file a full Brief and Memorandum of Points and Authorities in support of this Motion for Rehearing, combined with Motion to Amend and Alter Judgment and Motion for Relief from Judgment, at any time between the filing of this motion and not later than 10 court-business days after a ruling by the Chief Judge of the Middle District of Florida, or some other judge randomly assigned by him, to hear the Plaintiff's Motion to Recuse pursuant to 28 U.S.C. §144. This Court should consider each ground for relief from judgment separately, including the new evidence attached as Exhibit B, the grounds stated in Plaintiff's Motion to Recuse (which relate directly to Rule 60(b)(4) for void judgment, and the standards of Manifest Injustice and Clear Error which focus primary attention on the question of Plaintiff Stefan Frederick Cook's standing to bring this lawsuit, and whether any other procedural or formalistic errors (such as the filing of an Application

for TRO which stated all the grounds for a Complaint for Declaratory Relief and Injunctibve relief, but was not entitled "Complaint.")

## SUMMARY AND CONCLUSIONS

Judge LAZZARA dismissed Major Cook's Application for Temporary Restraining Order and Complaint for wrongful termination owing to governmental pressure, tortuous interference, and suggestions of blackmail and extortion of the proposed involuntary plaintiffs SIMTECH and its CEO GRICE without ever mentioning any of these issues constitutes an inequitable disposition of the issues in this under Rule 59(a)(1)(B), and his failure to address or even to recognize the issues in the case was itself manifest injustice and a plain denial of equity. There is new evidence concerning the eligibility of President Barack Obama, attached as Exhibit B, but Plaintiff is plainly entitled to seek declaratory judgment (supported by a jury to evaluate all facts and mixed questions of facts and law) on the status of the Army and its officers under constitutional oath "to protect against all enemies, foreign and domestic."

### *PRAYER FOR RELIEF*

WHEREFORE, Major Stefan Frederick Cook prays that this Court should PROCEED NO FURTHER, pursuant to the Rule of Law Articulated in 28 U.S.C. §144, and that the Honorable Judge RICHARD A. LAZZARA should voluntarily recuse himself permanently. There can be no due process, no appearance of propriety and certainly no public confidence in the outcome until and unless either the Chief Judge of the Middle District of Florida randomly assigns or else invites from the outside an independently appointed, possible senior status, judge to review Judge Lazzara's handling of this cause. Once an independent judge is appointed and allowed to

conduct an independent review of the (exceptionally brief, swift, and non-adversarial proceedings in this case, which amounted to an unconstitutional denial of due process and even a plainer denial of access to the Courts), then Plaintiff prays that this Court will review and grant his combined motions pursuant to Rule 59(a)(1)(B), 59(e), 60(b)(2), and 60(b)(4) motions presented here on the bases of manifest injustice and new evidence (Exhibits A & B).

In our Anglo-American adversarial system of adjudication, Judge LAZZARA was the only adversary, acting directly or indirectly, intentionally or unintentionally, as part of a VERY consistent custom, pattern, practice, and policy of concerted government denial of redress or resolution on this issue of supreme public interest and importance) by an impartial judge without connections of any kind to the parties or histories of litigation in this case.

Pursuant to 28 U.S.C. §144, no further action in this case may be taken without further decision by the Chief Judge of the Middle District of Florida with regard to the appointment of an independent judicial review of Judge RICHARD A. LAZZARA's management and the character of his disposition of issues in this case as consistent or not with due process of law and the reasonable perception of impartiality or bias in Judge LAZZARA's course of conduct and disposition of all aspects of Major Stefan Frederick Cook's complex litigation against the United States Department of Defense and others in the executive branch concerning chain of command and the procedural means by which an officer may uphold his oath of office and statutory duty to uphold the Constitution of the United States and to obey ONLY lawful orders.

WHEREFORE, Plaintiff prays that this Court will grant Major Stefan Frederick Cook's Rule 59(e) Motion to Amend or Alter the Judgment of Dismissal of his complex litigation against the United States Department of Defense and others in the executive branch which concerns not merely the President's place of birth but also, and more importantly, the procedure for an officer to challenge the civilian chain of command and thus the procedural means by which an officer may uphold his oath of office and statutory duty to uphold the Constitution of the United States and to obey ONLY lawful orders.

Respectfully submitted,

Monday, August 3, 2009

By:_____

Dr. Orly Taitz, Esq. (SBN 223433)
Attorney for the Plaintiff
**Major Stefan Frederick Cook**
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

*Plaintiff's Rule 59(e) Motion to Amend or Alter Judgment*

# Exhibit A:
# Affidavit of
# Major Stefan F. Cook

## Affidavit of Stefan Frederick Cook

1.     My name is Stefan Frederick Cook.  I am the Plaintiff in Middle District of Florida Case Number: 8:09-cv-01382-RAL-EAJ.

2.     I am a natural person over the age of 18, with full mental capacity and civil rights.  I have never been convicted of a felony nor any crime of moral turpitude, and suffer from no known or suspected mental disease nor any psychological impairment of any kind.

3.     I have served in the United States Army, Army Reserve, or Army National Guard for the past 20-21 years, including approximately 4 years on active duty.

4.     I did not file my lawsuit merely to avoid orders or going to Afghanistan, in fact, I relished the opportunity for foreign deployment and the opportunity to use my skills to the maximum in the service of my country and of world peace and prosperity.

5.     Rather, I filed my Complaint and Applications for Temporary Restraining Order first for the purpose of seeking a judicial declaration clarifying my constitutional duties under my oath, next for the purpose of seeking such a declaration clarifying my obligation as an officer to determine the lawful nature and limits of any and all orders I receive, and constantly to question the chain of command, in order to preserve, protect, and defend the Constitution of the United States against all enemies, foreign and domestic.  My primary concern is to protect the honor, integrity, and sanctity of my oath, which is the same oath taken by all commissioned officers in all branches of the United States Armed Forces.

6.     I am neither a pacifist nor a coward.  My conscientious and moral objections rest entirely on my Constitutional duty to doubt and question the legitimacy of the *de facto* Commander-in-Chief, who appears to be hiding behind his Presidential Power merely to avoid confirming his honesty or admitting his dishonest.  In light of the circumstances of worldwide questioning of the legitimacy of American armed intervention abroad, I believe that I best serve my country and my fellow soldiers by questioning rather than acquiescing blindly to the present chain-of-command.

7.    **I was until July 14, 2009, employed as a civilian engineer with large Department of Defense contracting obligations by Simtech, Inc., chief executive officer Larry Grice, in Tampa, Florida.**

8.    On July 14, 2009, Larry Grice informed me that he had come under great pressure from the Department of Defense (Defense Security Services Agency) to terminate me from my employment, on the grounds that my security clearance would likely be imminently revoked.  On that day I was then and there terminated.

9.    I have filed suit then for an additional purpose: to clear my name with the United States Army and Department of Defense and to seek a positive injunction for reinstatement in my civilian employment, and to protect my employer from governmental retaliation, which at this point appears to constitute an inevitable and irreparable injury without judicial intervention.

10.    Also on July 14, 2009, the Army Human Resources Command in St. Louis informed me that they were treating my lawsuit as a request for revocation of orders, even though my request was for a STAY of orders pending constitutional verification of the chain-of-command.

11.    Accordingly, I have filed suit for the still additional purpose of challenging every order issued by the United States Army, including revocation of orders, under the current *de facto* Commander-in-Chief, because it appears that he has chosen to manipulate the army in such a way and manner as to divert attention from the question, to evade judicial review of the United States Department of Defense chain-of-command, and to render all United States soldiers as servants or slaves of a totalitarian dictatorship.

12.    I believe and submit that the Army is and must remain the chief "front line" guarantor of freedom and constitutional legitimacy in this country, "against all enemies, foreign and domestic," and I further believe and submit that the essence of freedom is the right to speak and challenge and question possibly illegitimate authority freely and without fear of reprisal.

13.    I have at every turn been denied my fundamental right to petition for redress of grievances in obedience to my oath, and now I am being punished

by Judge LAZZARA's illegitimate denial of access to the courts to seek redress of my grievances.

14.    I question and challenge the revocation of my orders to deploy as being just as likely both illegal and unconstitutional as the original orders to deploy in the first place.

15.    I believe, contend, and here submit, subject both to my oath under penalty of perjury and my oath as a commissioned officer of the United States Army, that the United States Armed Forces, absent verification of constitutional chain of command, cannot lawfully function, cannot operate at all.

16.    My lifelong commitment to service in the army at home and abroad is testament to the sincerity of my belief, and the depths of my anguish over this situation, namely that the current highly suspect and constitutionally dubious chain-of-command in fact renders the United States Army a band of impressed private chattel slaves, little distinguishable from an outlaw organization of terror or piracy.

17.    In his twin orders of July 23, and July 27, 2009, Judge RICHARD A. LAZZARA, chose to ignore one hundred percent of the content of my complaint and application for temporary restraining order, and thereby denied me access to the Courts. He did not do this by a "no trespass" order nor an injunction against my filing, for he dismissed my case "without prejudice."

18.    Rather, Judge LAZZARA has denied me access to the Courts by refusing to read or pay attention to the clearly itemized substance of my complaint, and by closing not the door of the courthouse but his judicial mind and attention to anything I, or my counsel, had said or written.

19.    Judge RICHARD A. LAZZARA has shown beyond reasonable doubt to the eyes, ears, and mind of any reasonable person that he has "pre-judged" my case without even reading it, when he refers to "this ongoing conspiracy theory that President Obama is unqualified to be President", when he states that "Plaintiff's complaint, at its core, is but another attempt to embroil a United States District Court in an ongoing controversy of whether President Barack Obama is a native-born citizen of the United States of America.

*Plaintiff's Rule 59(e) Motion to Amend or Alter Judgment*                          14

20.    By these prejudicial phrases and words especially "embroil" and "conspiracy theory", Judge LAZZARA shows pervasive bias against me which is clearly "extra-judicial" in nature, because he has not even begun to address or evaluate the actual contentions of my Complaint and Application for Temporary Restraining Order.

21.    Further, it appears to me that Judge LAZZARA has twisted or misrepresented key elements of the law, specifically the law of constitutional standing, by denying that a currently commissioned officer of the United States Army has standing to challenge and question the lawful nature and status of orders, either to go into actively deployed service or not to go into such service, is to say that an officer has no legal or constitutional right to defend or enforce his oath to follow "lawful" orders and to uphold the constitution against all enemies.

22.    From his first "day on the case", namely July 23, 2009, Judge LAZZARA has misstated or twisted the law, including the Local Rules of the Middle District of Florida and Federal Rules of Civil Procedure, to deny me my First, Fifth, and Ninth Amendment rights of access to the courts.

23.    I believe and submit to this Court that the only remedy is the retroactive recusal of Judge RICHARD A. LAZZARA and randomly reassign this case to some other judge in the Middle District of Florida after excluding all those judges who may have been subject to "severe twisting of arms" by the current administration, which is as capable of threatening a judge's career and livelihood as it is threatening mine.

24.    I submit that a senior judge would be both less likely to be prejudiced concerning current political issues and less susceptible to threats of career-curtailing legal action, perhaps a retired or senior judge should be brought in from another district, perhaps, for example, someone of the standing and stature of the Honorable Judges Kenneth L. Ryskamp or James C. Paine, both Senior Judges for the Southern District of Florida, or Judge Peter T. Fay, Senior Judge of the 11th Circuit, or perhaps even some visiting senior judge from another district or circuit.

25.    I make all these statements as matters of which I have personal knowledge and/or concerning which I am fully informed and have formed reasonable beliefs in connection therewith.

*Plaintiff's Rule 59(e) Motion to Amend or Alter Judgment*                                    15

26.    I make this affidavit under penalty of perjury, and will affirm that I have reviewed and do hereby offer, submit, and request a declaratory judgment concerning the authenticity, validity, and constitutional significance, if any of the document attached here under the designation "Exhibit B" as new evidence in this case which justifies reopening the judgment as a matter of law and equity.

27.    I believe, contend, and submit to this Court that the investigation of the authenticity of this document may cast light on the chain of command of the civilian elements of the United States Department of Defense, especially the authority and legitimacy of the office of President of the United States.

28.    I believe, contend, and submit to this Court that only a common law jury under the Seventh Amendment can lawfully or properly judge the facts concerning, surrounding, and the circumstances of the creation of the document attached herein as Exhibit B.

29.    I further believe and submit that Judge Richard A. Lazzara's pervasive bias and extrajudicial prejudice against me rendered his judgment of dismissal void for lack of due process.

30.    I finally believe and submit that as an officer of the United States Army, I must have standing to question the procedures for determining whether the orders I follow and put into effect are lawful or not, and whether the chain of command which I am required to obey is constitutionally valid.

31.    I will testify to all of the above-and-foregoing matters in open court, subject to cross-examination.

FURTHER THIS AFFIANT SAITH NAUGHT on this 6th day of August, 2009, in Tampa, Hillsborough County, Florida.

Major Stefan Frederick Cook, U.S. Army

## NOTARY'S JURAT

Plaintiff Stefan Frederick Cook appeared in person before me on Thursday, August 6, 2009, to acknowledge, execute, sign under oath, and verify

the above and foregoing Affidavit as Required by Title 28 of the United States Code, §144 concerning the recusal of judges and other matters addressed in this response and affidavit.

I am a notary public, in good standing, authorized and qualified by the State of Florida to administer oaths.

Notary Public, State of Florida,
Tampa, Hillsborough County

NOTARIAL SEAL AFFIXED ABOVE

Printed Name of Notary Brian Dwyer address: 203 Apollo Beach Bvd

My Commission Expires: 3/11/13

# Exhibit B: Unauthenticated Kenyan Birth Certificate delivered to Counsel Dr. Taitz on or about July 30, 2009

# CERTIFIED COPY OF REGISTRATION OF BIRTH

DISTRICT of

Entered at the District Registry Office the

I, _____ Deputy Registrar

of Births, Deaths, and Marriages for the Coast Province of Kenya, do hereby certify that the above is a true copy of the entry recorded in the Birth Register of this Province, Book _____ Page _____

Given under my Hand and Seal of Office this

## CERTIFICATE OF SERVICE

The above-and-foregoing Combined Motion under
**Rule 59(a)(1)(B) Motion for Rehearing in Equity (New Evidence, Fair Hearing)**
**Rule 59(e) Motion to Amend or Alter Judgment (Manifest Injustice, Clear Error)**
**Rule 660(b)(4) Motion for Relief from Judgment Void due to Bias and Prejudice &**
**Rule 60(b)(2) New Evidence**

was served by facsimile and/or hand delivery on Thursday, August 6, 2009, on
the following parties:

Colonel Thomas D. MacDonald
Garrison Commander, Fort Benning, Georgia
Hugh Randolph Aderhold , Jr.
PO Box 1702
Macon , GA 31202-1702
478-621-2728
Email: Randy.Aderhold@usdoj.gov

Col. Louis B. Wingate
**U. S. Army Human Resources Command-St. Louis**
**1 Reserve Way, St. Louis, MO 63132 .**

Dr. Robert M. Gates, Secretary of Defense, by and through the Pentagon:
1000 Defense Pentagon  Washington, DC 20301-1000

MAJOR REBECCA E. AUSPRUNG
Department of the Army
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: 703-696-1614
Email: Rebecca.Ausprung@us.army.mil

President Barack Hussein Obama,
At
The White House
1600 Pennsylvania Avenue
Washington, D.C. 20500

by and through the Attorney General of the United States, Eric Holder, at

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

and Maxwell Wood, United States Attorney for the Middle District of Georgia, at

U.S. Attorney's Office □Gateway Plaza □300 Mulberry Street, 4th
Floor□Macon, Georgia 31201 □Tel: (478) 752-3511

And also at:

Columbus Division  □1246 First Avenue  □SunTrust Building, 3rd Floor
□Columbus, Georgia 31901  □Tel: (706) 649-7700.

**A. Brian Albritton**
**United States Attorney for the**
**Middle District of Florida**
**400 N. Tampa Street, Suite 3200□**
**Tampa, Florida 33602□**
**Phone: (813) 274-6000□**
**Fax : (813) 274-6358**

Charles E. Lincoln, Law Clerk & Legal Assistant
To Attorney Orly Taitz, Esquire,
For the Plaintiff Major Stefan Frederick Cook

And by Local Counsel:

_____

Inger Garcia-Armstrong
For the Plaintiff Major Stefan Frederick Cook